Per curiam,

(after several days taken to consider,) when a vessel is in danger of being lost, and part of tin. *275 goods on board are cast overboard to save tlie rest, and th«- vesse! afterwards comes safe into port, the goods that are saved shall be subject to average ; but if the vessel should not come safely into port, then average shall not take place for the only reason of average, is, because the goods preserved, were saved by the loss of the property thrown overboard ; and then it is reasonable, that the owners of the saved goods, should make, a just compensation to tlie owners-of the goods thrown overboard — but litis does not take place, where the casting of the- goods into the sea, is not the cause of the salvation of tlie goods preserved : and they relied upon Beawes. With respect to the wages, sailors lose them where the vessel is lost, front the time of their sailing from the last port of delivery. This rule is founded in policy, to make sailors careful of tlie vessel, and alert in the preservation of it, when in danger. They relied upon 3 Baa. Mr. 593— Comm, verbo Navigation. 3 Burr. 1481. Doug. 33?>.— But, the Master is not subject to this rule — there is no case which says lie is — he must therefore have judgment. As to the act of limitations, the words used in these letters, will take the case out of it. So there was judgment for the Plaintiff.
Note. — Vide Ferguson & Wife v. Taylor, and the note thereto, ante 20, for the acknowledgment requisite to take a case out of the sta tute of limitations.